UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                    :

POSR A. POSR,                          :         03 Civ. 01660 (RJH)

                      Plaintiff,         :

      -against-                         :

CARL ROADARMEL,           :
                Defendant.      :

---------------------------------------------------------------x

POSR A. POSR,                         :         04 Civ. 00226 (RJH)

                    Plaintiff,        :

      -against-                        :         **MEMORANDUM**
                                      :         **OPINION AND ORDER**

HELEN C. STURM and CARL ROADARMEL,  :

                Defendants.     :

---------------------------------------------------------------x

       On June 1, 2006, this Court received a Report and Recommendation ("Report") from Magistrate Judge Eaton, to whom these above-captioned matters were referred for general pretrial management. The Report recommends (1) that the complaints be dismissed with prejudice for failure to comply with prior Court orders and (2) that plaintiff be ordered to pay $500 to both the New York City Law Department and the New York State Attorney General's office to compensate defendants for attorneys' fees incurred in connection with an aborted deposition. (Report ¶ 8.) For the reasons stated below, the Court declines to dismiss the complaints at this time, provided that plaintiff complies with the conditions set forth below.

**BACKGROUND**

Plaintiff Posr A. Posr is a litigious individual. Since 1998, he has filed no less than twenty complaints against government officials, all pro se, many of which were dismissed on the pleadings. Those that were allowed to proceed were never successfully brought to trial, but were all dismissed upon defendants' motions. These particular consolidated cases arise from the plaintiff's broadcasting of the home address of defendant, Family Court Judge Helen Sturm, on his public access television show because he believed she had awarded custody of a child to the child's father, who previously had molested the child. Plaintiff, a self-designated "electronic journalist," asserts claims of "abuse of process" and libel against Judge Sturm for telling defendant Detective Carl Roadarmel of this public broadcast. Thereafter, plaintiff was brought into police custody for questioning by Detective Roadarmel and eventually charged with stalking and aggravated harassment in connection with this incident. Based on the initial questioning and an incident during subsequent discovery in the criminal case, plaintiff asserts various violations of his federal and state constitutional rights, particularly Fourth Amendment violations in all shapes and sizes.

Discovery has been contentious in these proceedings and the facts relevant here stem from a discovery dispute regarding plaintiff's efforts to videotape the deposition of Detective Roadarmel. On November 8, 2004, after holding a conference call and inviting parties to submit letters, this Court issued a protective order directing that defendant Roadarmel be deposed "without the presence of video recording equipment." (Nov. 8, 2004 Order [34].) The Court's ruling was based on its determination that there was a significant risk that plaintiff would misuse the videotape. Despite this order, on April 27, 2005, plaintiff brought a video camera to the scheduled deposition of himself and Roadarmel. (Report ¶ 2.) He then began recording, but there is a disagreement as to whether he aimed the camera at himself to record his own

2

deposition (May 23, 2005 Response ¶ 1a) or at Roadarmel and defendants' lawyers as they were preparing to depose him (*Id.* at ¶ 2ei). Defendants' attorneys refused to depose plaintiff while the camera was recording and suggested the parties make a conference call to Magistrate Judge Eaton so that he could rule on whether plaintiff could record Roadarmel and defendants' attorneys during his deposition. Plaintiff refused to turn off the camera even for purposes of this conference call and defendants' attorneys decided to postpone the deposition until they could seek a ruling that plaintiff was in violation of this Court's order. (Report ¶ 2.)

In response to this incident, Judge Eaton ordered plaintiff to file a written explanation as to why he brought video recording equipment to the deposition despite this Court's order prohibiting "the presence of video recording equipment" at Roadarmel's deposition, why he violated Judge Eaton's March 4, 2005 order directing plaintiff to make no objections during his deposition, and further, whether he would comply with a court order to be deposed and answer questions without the presence of video recording equipment. (May 13, 2005 Order ¶ 5.) The order explained that if Judge Eaton was not satisfied with plaintiff's responses and explanations, he might impose various sanctions, including costs and attorneys' fees, monetary sanctions, and dismissal of both claims for failure to prosecute and for failure to comply with Court orders. (*Id.* ¶ 6.)

In his May 23, 2005 response, plaintiff argued that he was unaware of the order prohibiting video equipment and that, even if such an order did exist, "an order preventing the mere presence of video recording equipment at a deposition is a violation of plaintiff's fourth amendment right to control and dominion over plaintiff's property," absent compelling government interest, threat of danger, or a narrowly tailored remedy. (May 23, 2005 Response ¶¶ 4a, 4d.) Plaintiff also denied violating Judge Eaton's order prohibiting him from making objections, as "[t]he defendants never asked a question for plaintiff to object to." (*Id.* ¶ 5a.) In

3

responding to Judge Eaton's inquiry as to whether, if given a second chance, he would answer questions without video recording equipment present, plaintiff answered "no." (*Id.* ¶ 6a.)

On June 1, 2005, based on plaintiff's response, Judge Eaton issued a Report and Recommendation in which he recommended that plaintiff be ordered to pay $500 to both the New York City Law Department and the New York State Attorney General's office to cover attorneys' fees for the aborted depositions and that the complaints be dismissed with prejudice for failure to comply with Court orders. (Report ¶¶ 8a–b.) Plaintiff filed objections ("Objections") to the Report on July 12, 2005.

## DISCUSSION

**1.      Standard of Review**

The district court adopts a magistrate judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the court is required to make a de novo determination of those portions of a report to which timely objections are made, see 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, [and] applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Badhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). Such objections may not be "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (quotations omitted). The court may then accept, reject, or modify in whole or in part recommendations of the magistrate judge. *See Nelson*, 618 F. Supp. at 1189.

If a party fails to object to a report or to request an extension within 10 days of being served with the report, that party waives the right to object, and appellate review of the district

court's decision adopting the report, absent unusual circumstances, is precluded.[1]  *See United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  In this case, plaintiff filed his objections approximately one month past the statutory deadline; for this reason, the Court is not required to review plaintiff's objections and may instead review the Report under a clear error standard.  Nevertheless, the Court, in its discretion, may excuse a failure to object "in the interests of justice."  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).  Due to the severe nature of Judge Eaton's recommendation of dismissal, the Court elects to review the dismissal de novo and to consider plaintiff's objections, despite his failure to file them on time.

**2.**     **Plaintiff's Behavior**

In his objections to Judge Eaton's Report, plaintiff renews his argument that the Fourth Amendment "right[s] to control and dominion over one's property are indicated in video depositions."  (Objections ¶ 28.)  Plaintiff also asserts a right to record and preserve his nonverbal testimony under Rule 30 of the Federal Rules of Civil Procedure, the Sherman Act, 15 U.S.C. §§ 1–2 (2000), the Ninth Amendment, and the Fourteenth Amendment.  (*Id.* ¶ 35.)  While the Court certainly agrees that no court may issue an order that violates the Constitution or any other law, the Court finds no constitutional provision or statute that would prevent it from issuing a protective order prohibiting the videotaping of depositions in appropriate cases.  Under Rule 26(c) of the Federal Rules of Civil Procedure, a district court "may make any order which justice

---

[1] In the context of pro se litigants, the Second Circuit has held:
> [A] *pro se* party's failure to object to a magistrate's report and recommendation within the ten day time limit prescribed by 28 U.S.C. § 636(b)(1) does not operate as a waiver of the right to appellate review of the district court's adoption of the magistrate's recommendation unless the magistrate's report explicitly states that failure to object to the report within ten (10) days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e).
> of the Federal Rules of Civil Procedure.

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).  Judge Eaton's Report complied with this requirement, specifically warning plaintiff of the consequences of failing to file timely objections and citing the applicable statutes and rules.  (Report ¶ 10.)

5

requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery." While Rule 30(b) has been liberalized to more fully permit videotape recordings, *see Flaherty v. Seroussi*, 209 F.R.D. 295, 297 n.4 (N.D.N.Y. 2001), it expressly contemplates that the court may order otherwise. *See* Fed. R. Civ. P. 30(b)(2). Defendants made an adequate showing that plaintiff intended to use the recording not for legitimate use at trial, but to embarrass Detective Roadarmel by broadcasting the recording on public television. Plaintiff failed to respond to these contentions, and his Objections suggest that such was his intention. (*See* Objections ¶ 26.) Thus, this Court properly exercised its discretion under Rule 26(c) to prohibit the video recording of Roadarmel's deposition.

Moreover, whether or not plaintiff personally agreed with this order or believed it to be legally correct, he was obligated to follow it. *See, e.g., Maness v. Myers*, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."). As Judge Eaton explained, if plaintiff "felt aggrieved by [this Court's] order, he should have moved for reconsideration; at the very least, he should have turned off his video camera and presented his argument . . . in a telephone conference." (Report ¶ 3.)

Plaintiff also argues that this Court's order merely prevented the recording of Roadarmel's deposition and that "nothing in [this Court's order] prevented the presence of video recording equipment as def. Roadarmel deposed plaintiff." (Objections ¶ 33.1.) This argument is disingenuous at best. The Court directed that Detective Roadarmel be deposed "without the presence of video recording equipment," yet plaintiff appeared for the Roadarmel deposition

6

with the equipment in hand. Furthermore, plaintiff was required to provide notice to defendants prior to videotaping his own deposition. *See* Fed. R. Civ. P. 30(b)(3) ("With prior notice to the deponent and other parties, any party may designate another method to record the deponent's testimony in addition to the method specified by the person taking the deposition."). Even had he provided notice, the Federal Rules of Civil Procedure accord no right of a deponent to videotape *other* parties attending the deposition or the counsel deposing the witness. Any confusion among the parties, whether legitimate or not, could have been resolved in a conference call with Judge Eaton. However, plaintiff refused to turn off the camera even for the limited purpose of resolving the dispute. Such obstinacy smacks of bad faith and makes the Court less inclined to view his behavior generously. Ultimately, the Court finds nothing persuasive in plaintiff's recycled arguments that would justify ignoring plaintiff's disruptive, noncompliant behavior during the discovery process.[2]

### 3.  **Dismissal for Failure to Comply with Court Orders**

Under Rule 37(b) of the Federal Rules of Civil Procedure, a court may dismiss an action if one of the parties to that action fails to follow court orders regarding the discovery process. *See* Fed. R. Civ. P. 37(b)(2)(C) (permitting court to issue order "dismissing the action or proceeding or any part thereof" when party fails to obey discovery orders). "The sanction of dismissal is the strongest sanction available to a judge," *Baba v. Japan Travel Bureau Int'l*, 165 F.R.D. 398, 402 (S.D.N.Y. 1996), *aff'd*, 111 F.3d 2 (2d Cir. 1997), and for that reason, this sanction is normally reserved for cases in which the party's failure to comply with court discovery orders "is due to 'willfulness, bad faith, or any fault' of the [plaintiff]." *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (quoting *Societe Internationale Pour Participations*

---

[2] In his objections, plaintiff also cites purported discovery irregularities (Objections ¶¶ 10–19) and argues that plaintiff was improperly required to reveal "irrelevant" medical information. (*Id.* ¶¶ 29–30.) Neither argument—nor, indeed, any other argument plaintiff advances—provides a satisfactory explanation as to why plaintiff refused to turn off his video equipment to allow Judge Eaton to resolve the discovery issue.

*Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958)).  Nonetheless, "the most severe in the spectrum of sanctions . . . must be available . . . in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."  *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

As the Second Circuit has explained, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se,* so long as a warning has been given that noncompliance can result in dismissal."  *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (citing *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 766 (2d Cir. 1990)).  This is so, of course, because even pro se litigants must obey court orders.  *See, e.g.*, *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders.  When they flout that obligation they, like all litigants, must suffer the consequences of their actions.").  Dismissal is particularly appropriate where a plaintiff has been given a second chance after violating a court order, but has squandered that chance.  *See, e.g.*, *Valentine*, 29 F.3d at 50 (finding plaintiff acted with "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action.");  *Baba*, 165 F.R.D. at 404 ("regretfully" dismissing case in district court against pro se plaintiff for failure to comply with all court orders after repeated warnings and postponements).

In this case, dismissal is an appropriate sanction.  In violation of this Court's order, plaintiff brought video equipment to the deposition of Detective Roadarmel.  His refusal to turn off the video recording equipment to conduct a conference call was obstructionist, and his

8

conduct throughout the discovery process has been difficult and disruptive. Furthermore, plaintiff's declaration that he will refuse to answer questions at his deposition without the presence of videotape equipment gives the Court little hope that plaintiff is capable of complying in good faith with the Court's orders. Before dismissing plaintiff's cause with prejudice, however, the Court will provide plaintiff with a final opportunity to continue with his actions provided that he demonstrates that he can abide by this Court's orders. To that end, plaintiff is directed: (1) to submit by January 15, 2007 a sworn affirmation that he will sit for his deposition without the presence of any video recording equipment; and (2) thereafter to sit for his deposition at a time mutually agreeable to the parties. **Plaintiff's failure to submit the requested affirmation by January 15, 2007 will result in dismissal of the complaints with prejudice.**

SO ORDERED.

Dated: New York, New York
December 21, 2006

Richard J. Holwell
United States District Judge